UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA JAMES-GIFFEN, an individual,
        Plaintiff,

vs.                                Case No.: 8:05-CV-01978-EAKTGW

AMGEN, INC., a California corporation,
        Defendant.
_____/

## JOINT MOTION TO ABATE AND/OR STAY THE PROCEEDINGS PENDING ARBITRATION

The Plaintiff, BARBARA JAMES-GIFFEN, respectfully requests this court to abate and/or stay this action for the purpose of permitting the Plaintiff an opportunity to exhaust her administrative remedies. In support of this requested relief, the Plaintiff states the following:

1. On or about October 24, 2005, the Complaint was filed.

2. Upon commencement of her employment with Amgen, in or about 1997, Plaintiff executed a Mutual Agreement to Arbitrate Claims ("Agreement"). A true and correct copy has been attached as Exhibit "A".

3. Because the Defendant required the Plaintiff to execute the Agreement as a condition of employment, this matter must be initially arbitrated.

4. Contemporaneous with the filing of this motion, Plaintiff has initiated the process of arbitration to pursue her discrimination causes of action against Amgen.

5. Because this matter will be brought to arbitration, this Court should abate the above-styled cause of action pending resolution of arbitration.

6. Pursuant to the Agreement, this Court retains jurisdiction to confirm or set aside the arbitration award.

7. The Court has the authority to stay proceedings and retain jurisdiction pending the arbitration pursuant to the Federal Arbitration Act. 9 USCS § 3 (2005); *Dept. of Ins. v. Debenture Guar.*, 1996 U.S. Dist. LEXIS 9338.

8. Plaintiff's counsel conferred with counsel for Amgen and can confirm and represent to this Court that counsel for Amgen is not opposed to the Joint Motion to Abate and/or Stay Proceedings Pending Arbitration.

9. No prejudice will be visited upon Amgen upon the granting of this motion.

WHEREFORE the Plaintiff, Barbara James-Giffen, respectfully requests this Court to enter an order granting Plaintiff's Joint Motion to Abate and/or Stay Proceedings Pending Arbitration.

Michael R. DeMinico, Esquire
Florida Bar No. 336254
Dennis Hernandez & Associates, PA
3339 West Kennedy Boulevard
Tampa, Florida 33609
Telephone:   (813) 250-0000
Facsimile:    (813) 258-4567
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via facsimile [(312) 849-3690] and U.S. Mail to: Michael R. Phillips, McGuire Woods, LLP, 77 West Wacker Woods Drive, Suite 4100, Chicago, Illinois, 60601, on this 13+h day of December, 2005.

Michael R. DeMinico, Esquire

# EXHIBIT "A"

James-Giffen, B

(F)

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

1. **Introduction**

   I recognize that differences may arise between Amgen Inc. ("Amgen" or "the Company") and me during or following my employment with the Company, and that those differences may or may not be related to my employment. I understand and agree that by entering into this Mutual Agreement To Arbitrate Claims ("Agreement"), I anticipate gaining the benefits of a speedy, impartial dispute-resolution procedure.

   I understand that any reference in this Agreement to the Company will be a reference also to all subsidiary and affiliated entities of Amgen: all benefit plans sponsored by Amgen, the sponsors, fiduciaries, administrators, agents and affiliates of any such benefit plan; and all successors and assigns of any of them.

2. **Claims Covered by the Agreement**

   The Company and I mutually consent to the resolution by arbitration of all claims or controversies (collectively "claims"), whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the Company or against its officers, directors, employees, or agents in their capacity as such or otherwise. The claims covered by this Agreement include, but are not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); wrongful termination; tort claims (including, but not limited to, invasion of privacy and defamation); claims for discrimination (including, but not limited to, race, color, sex, religion, national origin, age, marital status, medical condition, handicap, disability, or sexual orientation); claims for benefits; claims for violation of any federal, state or other governmental law, constitutional provision, common law, statute, regulation, or ordinance, except claims excluded in the following paragraph three (3).

   Except as otherwise provided in the Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or administrative action (other than an administrative charge of discrimination) in any way related to any claim covered by this Agreement. Should either party violate the terms of this paragraph, the party initiating the lawsuit or administrative action shall pay the opposing party's attorney's fees and costs in defending the lawsuit/administrative action. The determination of the propriety and amount of such attorney's fees and costs shall be made by the Arbitrator in accordance with the provisions of this Agreement.

3. **Claims Not Covered by the Agreement**

   3.1  Claims I may have for workers' compensation or unemployment compensation benefits are not covered by this Agreement.

   3.2  Also not covered are claims by the Company for injunctive and/or other equitable relief including, but not limited to, such relief for unfair competition and/or the use and/or unauthorized disclosure of trade secrets or confidential information, as to which I understand and agree that the Company may seek and obtain relief from a court of competent jurisdiction.

   3.3  Also not covered are claims by the Company arising from the extension of credit by the Company to me which is secured by real property, including enforcement of any related deed of trust or mortgage.

4. **Required Notice of All Claims and Statute of Limitations**

   4.1  The Company and I agree that the aggrieved party must give written notice of any claim to the other party within the applicable federal or state statute of limitations for that claim; otherwise the claim shall be void and deemed waived.

   4.2  Written notice to the Company, or its officers, directors, employees or agents, shall be sent to its Vice President of Human Resources at Amgen Inc., 1840 Dehavilland Drive, Thousand Oaks, California 91320. I will be given written notice at the last address recorded in my personnel file.

   4.3  The written notice shall identify and describe the nature of all claims asserted, the facts upon which such claims are based, and the nature and amount of damages sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested.

5. **Arbitration Procedures**
Procedures relating to this Agreement are continued in Appendix A to this Agreement, which is incorporated into this Agreement by reference as if fully set forth in it.

6. **Requirements for Modification or Revocation**
This Agreement to arbitrate shall survive the termination of my employment. It can only be revoked or modified in a writing signed by the parties (in the case of Amgen, the Vice-President of Human Resources) which specifically states an intent to revoke or modify this Agreement.

7. **Sole and Entire Agreement**
This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement supersedes and extinguishes any and all prior or contemporaneous oral or written understanding on the subject. No party is relying on any statements or representations, oral or written, on the subject of the effect, enforceability or meaning of this Agreement, except as specifically set forth in this Agreement.

8. **Construction**
If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement.

9. **Consideration**
The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

10. **Not an Employment Agreement**
This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of my employment.

11. **Voluntary Agreement**
I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS AGREEMENT, THAT I UNDERSTAND ITS TERMS, THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT, AND THAT I HAVE ENTERED INTO THE AGREEMENT VOLUNTARILY OF MY OWN FREE WILL, WITHOUT ANY COERCION OR THREATS; AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AT MY OWN EXPENSE AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

I FURTHER ACKNOWLEDGE THAT I HAVE HAD AT LEAST FIVE BUSINESS DAYS IN WHICH TO DECIDE WHETHER OR NOT TO ENTER INTO THIS AGREEMENT.

I UNDERSTAND AND AGREE THAT, BY ENTERING THIS AGREEMENT, I AM WAIVING MY RIGHT TO HAVE CLAIMS ADJUDICATED BY A COURT OR JURY.

| | |
|---|---|
| _Barbara James-Giffen_ (signature) | AMGEN INC. _(signature)_ |
| Signature of Staff Member | Signature of Authorized Representative |
| BARBARA JAMES-GIFFEN | Manager, Staffing |
| Print Name of Staff Member | Title of Representative |
| 1/9/97 | 1/14/97 |
| Date | Date |

## APPENDIX A TO MUTUAL AGREEMENT TO ARBITRATE CLAIMS

*The following procedures shall apply to arbitrations involving the Company (as defined in the Mutual Agreement to Arbitrate Claims) ("Agreement") and any signatory ("I" or "me") to the Agreement.*

1. Representation

   *Any party may be represented by an attorney or other representative selected by the party.*

2. Discovery

   Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to make requests for production of documents to any party. The subpoena right specified below in paragraph four (4) shall be applicable to discovery pursuant to this paragraph. Additional discovery may be had only where the Arbitrator selected pursuant to this Agreement so orders, upon a showing of substantial need.

3. Designation of Witnesses

   At least thirty (30) days before the arbitration, the parties must exchange written lists of witnesses, including any expert, and copies of all exhibits intended to be used at the arbitration.

4. Subpoenas

   Each party shall have the right to subpoena witnesses and documents for the arbitration.

5. Arbitration Fees and Costs

   5.1  Except as otherwise provided in this paragraph 5.1, the Company and I shall equally share the fees and costs of the Arbitrator. The share of such fees and costs which I shall be required to pay will be limited to a maximum of twenty percent (20%) of the monetary damages claimed pursuant to paragraph 4.3 of the Agreement.

   5.2  Each party will deposit funds or post other appropriate security for its share of the Arbitrator's fee, in an amount and manner determined by the Arbitrator, ten (10) days before the first day of the hearing. Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a statutory claim which affords the prevailing party attorney's fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party.

6. Other Procedures

   6.1  The Company and I agree that, except as provided otherwise in the Agreement or this Appendix, any arbitration shall be in accordance with the then-current Rules of Practice and Procedure For Employment Arbitration of Judicial Arbitration & Mediation Services, Inc. ("JAMS Rules") or the then current Model Employment Arbitration Procedures of the American Arbitration Association ("AAA Rules") before an arbitrator who is either a retired judge or an attorney licensed to practice law in the state in which the arbitration is convened ("the Arbitrator"). The arbitration shall take place in or near the city in which I am or was last employed by the Company.

   The party who did not initiate the claim shall choose whether the JAMS Rules or the AAA Rules shall be used. If the arbitration is to be conducted in accordance with the JAMS Rules, then JAMS shall supply the list(s) described in the following paragraph. If the arbitration is to be conducted in accordance with the AAA Rules, then the AAA shall supply the list(s) described in the following paragraph.

   JAMS or AAA, as applicable, shall give each party a list of eleven (11) arbitrators drawn from its panel of labor and employment arbitrators. Each party may strike all names on the list it deems unacceptable. If only one common name remains on the list of all parties, then that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, then the parties shall strike names alternately from the common names until only one remains. The party who did not initiate the

95-330-2                                                                                                                    Page 3 of 4

claim shall strike first. If no common name remains on the lists of all parties, JAMS or AAA, as applicable, shall furnish an additional list and the process shall be repeated. If no Arbitrator is selected on the second list, a third list shall be issued, from which the parties shall strike alternately (the party who initiated the claim striking first) until only one name remains. That person shall be the Arbitrator. If the agency supplying the list(s) concludes that one party is declining to participate in the selection process in good faith, then that agency shall be authorized to appoint an Arbitrator.

6.2 The Arbitrator shall apply the substantive law (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Federal Rules of Evidence shall apply. The Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including but not limited to any claim that all or any part of the Agreement or this Appendix is void or voidable. The Arbitrator's decision shall be final and binding upon the parties, except as provided in paragraph seven (7) below.

6.3 The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure

6.4 Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings.

6.5 Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

6.6 The Arbitrator shall render an award and opinion in the form typically rendered in labor arbitrations.

6.7 Either party shall have the right, within 20 days of issuance of the Arbitrator's proposed opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by the Agreement or this Appendix) shall then be final and conclusive upon the parties. The costs of such a motion for reconsideration and written opinion of the Arbitrator shall be borne by the party prevailing on the motion, unless the Arbitrator orders otherwise.

7. <u>Judicial Review</u>

Either party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award may not do so in an enforcement proceeding, but must bring a separate action in any court of competent jurisdiction to set aside the award, where the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury.